UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA A. HAMPSON,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 3:20-cv-05405-JRC

ORDER ON MOTIONS FOR
REVISION AND FOR EXTENSION

This matter is before the Court on the parties' consent (Dkt. 2) and on plaintiff's motion for a revision (Dkt. 12) and defendant's motion for an extension.  Dkt. 14.

The Administrative Record in this matter was due on July 7, 2020.  *See* Dkt. 7.  On July 13, 2020, defendant requested the Court's permission "to extend this case for 28 days, to August 10, 2020" and to be allowed to file "a status report with the Court" if the Administrative Record was not ready to file by August 10.  Dkt. 9, at 1.  Defendant represented to the Court that "[p]laintiff's counsel was contacted and indicated no objection to this motion."  Dkt. 9, at 1.

1   Because defendant represented that plaintiff did not oppose the motion and based on

2   defendant's supporting materials discussing difficulties preparing the Administrative Record

3   caused by the COVID-19 pandemic, the Court granted defendant's request. Dkt. 11, at 1. The

4   Court instructed defendant, "If the Commissioner is unable to file the certified administrative

5   record [August 10, 2020], the Commissioner shall file a status report by that date and every

6   subsequent 28 days until the certified administrative record becomes available." Dkt. 11, at 2.

7   In response, plaintiff filed the pending motion for revision, explaining that defendant only

8   obtained plaintiff's attorney's agreement to an extension of the Administrative Record due date

9   to August 10, 2020. Dkt. 12, at 2. According to plaintiff's attorney, defendant's attorney never

10  asked for or received permission to file 28-day status reports in lieu of properly supported

11  motions for extensions. Dkt. 12, at 2. Indeed, plaintiff's attorney objects to allowing status

12  reports, stating,

13      it tolerates a complacency regarding the Defendant's requirement to meet important
        filing deadlines. This would authorize an extension with no definite end. While a
14      month here or a month there may not seem significant to the Defendant, it is a very
        big deal to Ms. Hampson, who is trying to live on $197/month. . . .
15  Dkt. 12, at 2.

16  Plaintiff explains that "[s]ince the Court's July 15, 2020 Order ([Dkt.] 11) does not reflect

17  the agreement of the parties, we request that it be modified to remove the objectionable language

18  related to status reports" and that "if the Defendant is unable to file an answer and transcript on

19  or before August 10, 2020, he should be prepared to provide a specific explanation as to why not,

20  and a good faith estimate as to when he will be able to do so." Dkt. 12, at 2.

21  In response to plaintiff's motion for revision, defendant's counsel does not dispute that he

22  failed to obtain plaintiff's counsel's acquiescence to filing status reports in lieu of extension

23  motions. Instead, defendant has filed a second motion for an extension, seeking to be allowed to

24

1   file the Administrative Record on or before September 8, 2020.  Dkt. 14.  Defendant states that

2   plaintiff does not object to the request and that instead of a status report, defendant will file

3   another motion for extension, if necessary.  Dkt. 14, at 1.

4        It is generally this Court's practice to approve the stipulation of the parties regarding

5   matters such as the timeline for filing the Administrative Record.  Consistent with the spirit of

6   the local civil rules, this practice encourages the parties to work together to efficiently resolve

7   disputes over filing deadlines without unnecessary Court intervention.  However, this practice is

8   unworkable when attorneys fail to actually obtain opposing counsel's agreement before filing an

9   "unopposed" motion.

10        The Court trusts that in the future, defendant will obtain plaintiff's consent to all of the

11  proposed scheduling order—not simply one portion.

12        Because plaintiff has no opposition, the Court will grant defendant's second motion for

13  an extension (Dkt. 14) and will allow the Administrative Record to be filed on or before

14  September 8, 2020.  As with any deadline, the Court will consider a timely presented motion for

15  an extension of this deadline, if necessary.

16        The Court also grants plaintiff's motion for a revision.  Dkt. 12.  The Court amends its

17  prior Order (Dkt. 11) by striking the portion of that Order allowing defendant to file status

18  reports every 28 days until the Administrative Record can be filed.

19        Dated this 12th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER ON MOTIONS FOR REVISION AND FOR
EXTENSION - 3